# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROMAN CAMACHO MARTINEZ,<br><br>　　　　Petitioner,<br><br>　v.<br><br>J.D. HARTLEY,<br><br>　　　　Respondent.<br>_____/ | 1:09-CV–1291 AWI-JMD (HC)<br><br>ORDER REGARDING FINDING AND RECOMMENDATION (Doc. No. 15)<br><br>ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS<br><br>ORDER DIRECTING CLERK OF THE COURT TO ENTER JUDGMENT<br><br>ORDER DENYING A CERTIFICATE OF APPEALABILITY<br><br>ORDER VACATING JANUARY 18, 2011 ORDER (Doc. No. 25) AS MOOT |

　　　Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

　　　Petitioner filed the instant petition for writ of habeas corpus on August 16, 2010. See Doc. No. 1. Petitioner challenges the California Board of Parole Hearings's April 22, 2008 decision finding him unsuitable for release. Petitioner claims the California courts unreasonably determined that there was "some evidence" he posed a current risk of danger to the public if released. Respondent filed an answer to the petition on January 11, 2010, and Petitioner filed a traverse on February 1, 2010.

　　　On August 16, 2010, the Magistrate Judge issued a Findings and Recommendation ("F&R") that the petition be DENIED. The F&R was served on all parties and contained notice

1

that any objections were to be filed within thirty (30) days of the date of service of the order. On September 7, 2010, Petitioner filed objections. On September 20, 2010, Respondent filed a reply to the objections. On January 11, 2011, Petitioner filed a Motion for Judicial Notice. In response to Petitioner's Motion for Judicial Notice, on January 18, 2011, the Court ordered Respondent to lodge additional documents pertaining to Petitioner's subsequent parole hearing. See Doc. No. 25. Having reviewed the record, the Court agrees that the petition be denied. However, the F&R relied on case law, which has since been overruled. Thus, the Court issues the following analysis. Additionally, the Court vacates as moot its January 18, 2011 Order (Doc. No. 25) directing respondent to lodge additional documents.

      On January 24, 2011, the Supreme Court held that the liberty interest at issue in these parole cases is the interest in receiving parole when the California standards for parole have been met, and the "minimum procedures adequate for due process protection of that interest are those set forth in [Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 16 (1979)]." Swarthout v. Cooke, ___ U.S.___, ___ S. Ct. ___, 2011 U.S. LEXIS 1067, *7 (Jan. 24, 2011). *Swarthout* explained that no Supreme Court opinion "supports converting California's 'some evidence' rule into a substantive federal requirement." Id. "Because the only federal right at issue is procedural, the relevant inquiry is what process [the Petitioner] received, not whether the state court decided the case correctly." Id. at *9; Smiley v. Hernandez, 2011 U.S. App. LEXIS 1943 (January 28, 2011). If a petitioner receives the minimal procedural requirements of *Greenholtz*, i.e. an opportunity to be heard and a statement of the reasons why parole was denied, then the federal Due Process Clause will have been satisfied and federal review ends. See Swarthout, 2011 U.S. LEXIS 1067 at *6-*7; Kutylo v. Vaughan, 2011 U.S. App. LEXIS 2503 (9th Cir. Feb. 8, 2011); Smiley, 2011 U.S. App. LEXIS 1943.

      Review of the instant case reveals Petitioner was present at his parole hearing, was given an opportunity to be heard, and was provided a statement of reasons for the parole board's decision. See Respondent's Answer Exh. 1. "The Constitution does not require more [process]." Greenholtz, 442 U.S. at 16; see Swarthout, 2011 U.S. LEXIS 1067 at *6-*7. As explained above, Petitioner's contention regarding application of California's "some evidence standard" is

not cognizable.  Petitioner's petition will be summarily dismissed.

## Certificate of Appealability

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003).  The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)  (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
> > (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
> >
> > (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327; Slack v. McDaniel, 529 U.S. 473, 484 (2000).  While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 537 U.S. at 338.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or

deserving of encouragement to proceed further.  Petitioner has not made the required substantial showing of the denial of a constitutional right.  Accordingly, the Court hereby DECLINES to issue a certificate of appealability.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. The Petition for Writ of Habeas Corpus is SUMMARILY DISMISSED with prejudice;
2. The Court declines to adopt the Findings and Recommendation of August 16, 2010 (Doc. No. 15);
3. The Clerk of the Court is DIRECTED to enter judgment and close the case;
4. The Court DECLINES to issue a certificate of appealability; and
5. The Court's January 18, 2011 Order (Doc. No. 25) directing Respondent to Lodge Additional Documents is vacated as moot.

IT IS SO ORDERED.

Dated:   February 15, 2011

CHIEF UNITED STATES DISTRICT JUDGE